**In re JP ENTERPRISES, INC. a/k/a Candlelight Plaza, Inc., t/a Ivy Garden Restaurant, Debtor.**

**Bankruptcy No. 82–02913K.**

United States Bankruptcy Court,
E. D. Pennsylvania.

Aug. 20, 1982.

Stokes E. Mott, Jr., Philadelphia, Pa., for debtor.

James J. O'Connell, Philadelphia, Pa., trustee.

Robert Lapowsky, Philadelphia, Pa., for Louis Vagnoni.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court upon several hearings on the issue of the appointment of

a trustee in this Chapter 11 case. The initial hearing was held on July 22, 1982. The Court immediately appointed James J. O'Connell, Esquire, as Trustee, pending a final hearing on the matter. On August 3, 1982, the final hearing was held in conjunction with a complaint for relief from the automatic stay. After consideration of the testimony elicited at these hearings, the Court finds that the case must be dismissed with prejudice.[1]

■ The Chapter 11 petition was filed on June 23, 1982. The filing of this petition had the effect of preventing a landlord's distraint sale scheduled for June 25th. It is uncontested that the landlord has not received a rental payment since December of 1981. The Court concludes that this factor alone constitutes gross mismanagement of the corporation of such a magnitude that the appointment of a trustee to control the assets and operation of the debtor was necessary.[2] Thus, the trustee was appointed on July 22, 1982 and has been continued in office. Evidence bearing on issues other than the appointment of a trustee was brought to light at both of these hearings. Counsel for the parties stipulated that the entire record developed on the issue of the appointment of a trustee be incorporated into the record of the adversary proceeding.

In opposing the appointment of a trustee, counsel for the debtor presented testimony from Joseph P. Smith. This individual was running the business and; furthermore, he claimed to be the sole stockholder of the debtor corporation. Mr. Smith testified that the debtor maintained no bank or checking accounts, nor kept any regular books and records. Other testimony was elicited from Mr. Smith, however, the Court will give no weight to his testimony except insofar as it contains admissions of mismanaging the affairs of the debtor. The Court finds this witness to be devoid of credibility.

The party moving for the appointment of a trustee was Louis Vagnoni. He was both the landlord and a secured creditor of JP

Enterprises on June 23, 1982. At a special shareholders' meeting on June 25, 1982, Mr. Vagnoni became sole owner, officer and director of the corporation. This transaction is somewhat complicated and bears full explanation.

In November of 1981, Sirolli-Vitelli, Inc. sold the business known as the Ivy Garden Restaurant at 7150 Silverwood Street, Philadelphia, to JP Enterprises, Inc. Sirolli-Vitelli assigned all its rights to Louis Vagnoni. A security agreement was executed between JP Enterprises and Mr. Vagnoni. All of the fixtures and the liquor license served as collateral for payment of the purchase price. In addition, Mr. Vagnoni owned the real estate at 7150 Silverwood Street. As additional collateral, all of the stock of JP Enterprises was assigned to Mr. Vagnoni. The assignment was exercisable at his option. In return, Vagnoni granted the debtor a sizeable purchase money loan. All of these documents were executed by Frank Tavella, the president and sole shareholder of JP Enterprises. Finally, Mr. Tavella gave Mr. Vagnoni his resignation as president of JP Enterprises with the understanding that this could be exercised upon default of the debtor.

JP Enterprises did not pay any rent nor any payments under the security agreement after November 1981. Thus, in June, the landlord scheduled a distraint sale which was stayed by the filing of the bankruptcy petition. Mr. Vagnoni also scheduled a special shareholders' meeting for June 25th. This meeting was not stayed by § 362 of the Bankruptcy Code. At this meeting, the assignment of the stock of JP Enterprises was accepted by Mr. Vagnoni who thereby became sole shareholder of JP Enterprises. The resignation of Frank Tavella as director and president of the corporation was also submitted and accepted. Mr. Vagnoni elected himself as sole director and president of the corporation.

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. 11 U.S.C. § 1104(a)(1).

On the basis of the evidence presented, the Court finds that neither Joseph Smith nor Frank Tavella retained any interest or office in the corporation after June 25, 1982. As current president and sole shareholder of JP Enterprises, Mr. Vagnoni has no desire to proceed under Chapter 11. He has filed a motion to have the case dismissed. From the evidence elicited at the hearings of July 22nd and August 3rd, it is obvious that only Frank Tavella had authority to file the original petition. The Chapter 11 petition, however, was filed by Joseph Smith. No evidence of his authority to file this petition was ever filed as required by Interim Local Rule 1007(a)(3). Nor was a list of the ten (10) largest creditors ever filed as required by Interim Local Rule 1007(a)(1). Furthermore, the petition was not accompanied by a completed unsworn declaration under penalty of perjury as required by Bankruptcy Rule 109. This petition should never have been accepted for filing by the Clerk of the United States Bankruptcy Court for the Eastern District of Pennsylvania.

The cumulative effect of these factors will cause the Court to enter an order dismissing the case. The trustee will be directed to turn possession over to the sole director and officer of the corporation, Louis Vagnoni upon the filing of an agreement between the trustee and Mr. Vagnoni regarding the disposition of the trustee's costs and expenses pursuant to 11 U.S.C. § 506. If such an agreement cannot be reached, the trustee will be directed to file an appropriate application for compensation and request the Clerk of the United States Bankruptcy Court for the Eastern District of Pennsylvania to set the matter for hearing.